IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM DAVIS, #216943, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-156-WHA |
| | ) |
| DR. JOHN PEASANT, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by William Davis, an indigent state inmate currently confined at the Dondalson Correctional Facility. In this complaint, Davis challenges the constitutionality of medical treatment provided to him during a prior term of incarceration at the Ventress Correctional Facility. Davis names Dr. John Peasant, his treating physician at Ventress, Wexford Health Sources, Inc., the current contract medical provider for the state prison system, and the Alabama Department of Corrections as defendants.

Upon thorough review of the complaint, the court concludes that the claims presented by Davis against the Alabama Department of Corrections are subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Davis leave to proceed in forma pauperis in this case. *See* Doc. 3. This court is therefore permitted to screen the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B), This statute directs the court to dismiss a claim or defendant if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISMISSAL OF DEFENDANT

Davis names the Alabama Department of Corrections as a defendant.  The law is well-settled that the State of Alabama and, by extension, its departments are absolutely immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against the State or any department thereof as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").  Consequently, any claim lodged against the Alabama Department of Corrections is therefore frivolous as such claim is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Alabama Department of Corrections be summarily dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The Alabama Department of Corrections be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against Dr. John Peasant and Wexford Health Sources, Inc., be referred back to the undersigned for appropriate proceedings.

On or before **March 20, 2019**, the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and

legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of March, 2019.

    /s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE